FILED ENTERED
LODGED RECEIVED
NOV - 1 2010
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SCOTT SPEERT, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB 10-718 |
| PROFICIO MORTGAGE VENTURES, LLC, et al., | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Scott Speert, Harvey Sanford, Linda Nieves and David Rascoe bring this lawsuit against Defendants Proficio Mortgage Ventures, LLC and Glen Hyatt (collectively, "Defendants") for failure to pay statutory minimum wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and for failure to pay earned wages/commissions in the amount of $18,474.19 in violation of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Ann. Code, Lab. & Employ. Art., § 3-501, *et seq.* Now pending before this Court is Defendants' Motion to Dismiss.[1] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendants' Motion to Dismiss (Paper No. 7) is DENIED.

---

[1] The pending Motion to Dismiss (Paper No. 7) was filed on May 17, 2010. On July 27, 2010, this Court granted Plaintiffs leave to file a Second Amended Complaint. In a telephone conference on October 27, 2010, counsel for the Defendants confirmed that the pending Motion to Dismiss should be treated as a motion to dismiss the Second Amended Complaint.

1

BACKGROUND

In ruling on a motion to dismiss, "[t]he factual allegations in the Plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Defendant Proficio Mortgage Vendors ("PMV") is a licensed mortgage lender that makes loans in 48 states. Second Amended Complaint ("SAC"), ¶ 2. Defendant Glenn Hyatt ("Hyatt") was a branch manager for PMV during the time period at issue in this case. *Id.* ¶ 3. PMV employed Plaintiffs Scott Speert ("Speert"), Harvey Sanford ("Sanford"), Linda Nieves ("Nieves") and David Rascoe ("Rascoe") from July 2009 through October 2009. *Id.* ¶ 6. Plaintiffs Speert, Sanford and Nieves, who worked primarily in a satellite office in Owings Mills, Maryland, were responsible for generating mortgage loans for PMV. *Id.* Plaintiff David Rascoe ("Rascoe") managed the Owings Mills satellite branch and helped recruit other branches. *Id.*

PMV paid Plaintiffs on a commission basis. *Id.* ¶¶ 7, 8. Plaintiffs Nieves, Sanford and Speert allege that they generated loans in July, August and September of 2009 for Defendants PMV and Hyatt, but allege that they were not paid commission for those months. *Id.* ¶ 7. Though Plaintiffs Rascoe, Speert and Nieves began working for PMV in July 2009, the first time they were paid was on October 15, 2009. *Id.* ¶ 9. Plaintiff Sanford alleges that PMV has never paid him any commissions other than a partial payment on a loan to his brother. *Id.* Plaintiffs, who generally worked more than 45 hours per week, also allege that they have never been paid overtime for the number of hours of overtime they worked. *Id.* ¶¶ 8, 10. Plaintiffs filed their original complaint on March 24, 2010. Defendants filed a Motion to Dismiss on May 17, 2010, which is still pending. On July 13, 2010, this Court granted Plaintiffs' motion for leave to file a first amended complaint. On July 21, 2010, this Court granted Plaintiffs' motion for leave to file

a second amended complaint. The original Motion to Dismiss is still applicable to the Second Amended Complaint, but on August 5, 2010, Defendants filed a supplemental memorandum in support of their original motion to dismiss. Paper No. 21. The gravamen of the Motion to Dismiss is that Plaintiffs have failed to state a claim that PMV and Hyatt are employers under the FLSA and MWPCL and that Plaintiffs had a commission agreement with PMV.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005) (quoting *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1937.

## ANALYSIS

I. **The Fair Labor Standards Act Claims (Counts I and II)**

Plaintiffs bring two causes of action under the FLSA for unpaid overtime and failure to

3

pay minimum wage against both Defendants PMV and Hyatt. Defendants contend that Plaintiffs have failed to plead facts from which this Court could plausibly conclude that PMV or Hyatt was their "employer" as defined by the FLSA.

To state a claim for failure to compensate under the FLSA, the plaintiff must allege facts that, if proven, would be sufficient to establish the existence of an employer-employee relationship. *See Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999). The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)). Federal courts almost universally state that this definition is to be interpreted broadly to achieve Congress's intent to provide a remedy to employees for their employers' wage and hour violations. Consistent with these broad definitions, "[t]he Supreme Court has instructed courts to construe the terms 'employer' and 'employee' expansively under the FLSA." *See Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 768 (D. Md. 2008) (citing *Nationwide Mut*, 503 U.S. at 326; *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).

Under the plausibility standard of *Iqbal* and *Twombly*, Plaintiffs' allegations are sufficient to state a plausible claim that PMV and Hyatt were their employers as defined by the FLSA. Plaintiffs allege numerous facts showing that PMV "suffer[ed] or permit[ted]" plaintiffs to work, and that Hyatt acted "directly or indirectly in the interest" of PMV in relation to Plaintiffs. For example, Plaintiffs allege:

- Plaintiffs were employed by Defendant PMV from July, 2009 through October, 2009. Plaintiffs Nieves, Sandford and Speert were employed by Defendants and were responsible for generating mortgage loans for PMV... Plaintiff David Rascoe [] was employed by Defendants to manage the satellite branch and to help recruit other

4

branches, and primarily performed his duties inside of the office. SAC, ¶ 6.

- Defendant Hyatt has been actively engaged in the management and direction of employees, including the Plaintiffs, at PMV, including the operation of the mortgage business and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at PMV. SAC, ¶ 3.

- Both Defendants were actively engaged in the management and direction of Plaintiffs and other employees at PMV, including but not limited to, including the operation of the mortgage business, the hiring and firing of employees and employee pay matters, and have possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at PMV. SAC, ¶ 7.

Considering the expansive definitions of "employer" and "employee" prescribed by the FLSA and the Act's remedial purpose, Plaintiffs' Second Amended Complaint has alleged facts sufficient to that PMV and Hyatt were their employers under the FLSA. As this Court recently explained, "[p]articularly at this nascent stage of the litigation, that is all that was required of them." *Deras v. Verizon Md., Inc.*, 2010 U.S. Dist. LEXIS 77249, at *22 (D. Md. July 30, 2010).

## II. The Maryland Wage Payment and Collection Law Claim (Count III)

In Count III, Plaintiffs Nieves, Sanford and Speert assert that Defendant Proficio Mortgage Ventures failed to pay them commissions as required under the Maryland Wage Payment and Collection Law.

### A. Plaintiffs Allege Facts Sufficient to Show that PMV was their Employer

Defendants contend that Plaintiffs have failed to plead facts from which this Court could plausibly conclude that PMV was their "employer" as defined by the MWPCL. Notably, Defendants do not distinguish between the definition of "employer" under the FLSA and the MWPCL or contend that PMV is an employer under one statute, but not the other.

The MWPCL defines "employer" as "any person who employs an individual in the State or a successor of the person." Md. Code Ann., Lab. & Empl. § 3-501 (2007). Section 3-101

5

defines "employ" as "to engage an individual to work ... [including] (i) allowing an individual to work; and (ii) instructing an individual to be present at a work site." § 3-101(c). As mentioned above, Plaintiffs allege that "Plaintiffs Nieves, Sanford and Speert were employed by Defendants and were responsible for generating mortgage loans for PMV." SAC, ¶ 6. In other words, Plaintiffs state that PMV engaged them to work. Accordingly, Plaintiffs' Second Amended Complaint has alleged a plausible claim that PMV was their employer under the MWPCL.

### B. Plaintiffs Have Sufficiently Alleged a Basis for their MWPCL Claim

Defendants maintain that Plaintiffs have not alleged the basis for their MWPCL claim for unpaid commissions. As this Court recently explained, "terminated employees may bring a claim for nonpayment of wages under the MWPCL if '[t]he dispute is whether defendant has 'withheld' or 'failed to pay timely' wages due to plaintiffs.'" *Reed v. Code 3 Sec. & Prot. Servs.*, 2009 U.S. Dist. LEXIS 118637, at *15 (D. Md. Dec. 18, 2009) (quoting *Hoffman v. First Student, Inc.*, No. 06-1882, 2009 U.S. Dist. LEXIS 53542, at *4 (D. Md. June 23, 2009)). Plaintiffs allege that Defendant PMV employed them from July, 2009 until October, 2009, and that during that time, Defendant PMV failed to pay them the commissions they were owed under the MWPCL for the months of July, August and September. Plaintiffs also specify the precise amount of unpaid commissions they are owed. These facts are more than sufficient to state a plausible claim for nonpayment of wages under the MWPCL.

Though Plaintiffs are not required to assert more than this, Defendants argue that Plaintiffs' allegations "cannot suffice to establish the necessary factual allegations from which the Court can reasonably infer that Plaintiffs had a commission agreement with Defendant PMV." Paper No. 23 at 3. As Defendants point out, however, Plaintiffs allege that PMV paid them, that they "were paid on a commission basis," and that Defendants "have failed and refused

6

to pay Plaintiffs the commission[s]" they earned by selling loans. SAC, ¶¶ 7, 14. These allegations are more than sufficient for this court to reasonably infer that Plaintiffs had a commission agreement with PMV. Defendants also contend, without any basis in case law, that Plaintiffs were required to state in their complaint when the commission agreements were effective, what Plaintiffs' commission rates were and when they were supposed to be paid. Even assuming Plaintiffs were obliged to do so, the Complaint states the time period during which PMV employed Plaintiffs, the dollar amount in commission they are owed, and that PMV "has a semi monthly pay period on the 15th and last day of each month." SAC, ¶¶ 6, 8-9, 14. Accordingly, Plaintiffs' Second Amended Complaint has alleged a plausible claim for unpaid commissions under the MWPCL.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Paper No. 7) is DENIED.

A separate Order follows.

Dated: October 29, 2010

/s/ _____
Richard D. Bennett
United States District Judge